_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

APR 2 0 2017

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC.

    Plaintiff,

v.

KD RETAIL, INC. T/A
CORNER POCKET BAR AND GRILL &
T/A CORNER POCKET BAR & GRILL

    Defendants.

Civil Action No. PX 16-2380

******

## MEMORANDUM OPINION

Plaintiff J & J Sports Productions Inc. ("J & J") filed this action against Defendant KD Retail, Inc. trading as Corner Pocket Bar and Grill or Corner Pocket Bar & Grill. J & J alleges violations under the Communications Act of 1934, as amended, 47 U.S.C. § 605 *et seq.*; the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 *et seq.*; and conversion. *See* Compl., ECF No. 1. J & J has filed a motion for default against KD Retail, seeking $15,897.50, comprised of $2,200 in statutory damages under 47 U.S.C. § 605, $11,000 in additional enhanced damages under 47 U.S.C. § 605, and $2,697.50 in attorneys' fees and costs. *See* ECF No. 9 at 2. For the reasons discussed below, the Court shall award $13,697.50 to Plaintiff which consists of $ 11,000 in total enhanced damages under section 605, and $2,697.50 in attorneys' fees and costs.

### I.    BACKGROUND

J & J had exclusive broadcast rights to a boxing match between Floyd Mayweather Jr. and Saul Alverez (the "Program") on September 14, 2013, and Defendants broadcasted the Program at their commercial establishment without a license. Compl., ECF No. 1. Plaintiff's

1

private investigator approximates that thirty-five persons were inside the establishment during the broadcast, Grant Aff., ECF No. 9-3. Plaintiff's investigator also paid a cover charge of $20 to enter Defendant's establishment and view the Program. *Id.* Plaintiff's Rate Card provides that the fee for a license for an establishment of that size to show the Program was $2,200. *See* Rate Card, ECF No. 9-4.

J & J served KD Retail on July 19, 2016 with its Complaint, and KD Retail's answer was due on August 9, 2016. *See* ECF No. 6. Defendant did not file an answer. On October 7, 2016, J & J filed a motion for clerk's entry of default. *See* ECF No. 7. The clerk entered default against Defendant on September 2, 2016. *See* ECF No. 8. On February 14, 2017, J & J filed its motion for judgment by default. *See* Pl.'s Mot., ECF No. 9.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the parties default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and after notice is provided to the defaulting party. Fed. R. Civ. P. 55(b)(2). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g., Choice Hotels International, Inc. v. Ja I Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29. 2012); *see also Choice Hotels International, Inc. v. Austin Area Hospitality, Inc.*, TDC 15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015). Although the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a

2

party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

### III. ANALYSIS

After reviewing J & J's motion for judgment by default, the exhibits attached thereto, and the record in this case, the Court finds that Defendant was properly served yet failed to plead or otherwise defend. Moreover, accepting the well-pleaded factual allegations in J & J's complaint as to liability as true, *see Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001), the Court finds that Defendant is liable for violations of 47 U.S.C. §§ 605(e)(3)(B)(iii) & 605(e)(3)(C)(ii) and 47 U.S.C. §§ 553(c)(3)(B) & 553(c)(2)(C) and that they acted willfully in violating the statutes.

J & J cannot, however, recover statutory damages under section 553 and enhanced damages under section 605 for the same conduct. To hold otherwise would violate the maxim that "courts can and should preclude double recovery . . . ." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) (quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333 (1980)). Accordingly, as J & J acknowledges, *see* Mem. Supp. Mot. Default J., ECF No. 9–2 at 5, "courts in this district consistently have held that a plaintiff cannot recover under both statutes for the same conduct," *J & J Sports Prods., Inc. v. Panana, LLC*, No. WDQ–14–2047, 2014 WL 5454323, at *2 (D. Md. Oct. 24, 2014) (collecting cases). Instead, courts entering default judgment in identical situations permit recovery under section 605 alone on the ground that it authorizes a greater award than section 553. *Id.* This prohibition against double recovery also precludes J & J's conversion claim. *See, e.g., J & J Sports Prods., Inc. v. Royster*, No. RWT–11–1597, 2014 WL 992779, at *3 (D. Md. Mar. 13, 2014).

3

Section 605(e)(3)(C)(i) allows Plaintiff to elect to recover either actual damages or statutory damages. "Consistent with prior case law in this District, the Court will accept the cost to purchase the Program as the direct loss to J & J Sports Productions . . . ." *J & J Sports Prods., Inc. v. El Rodeo Restaurant, LLC*, No. PJM-15-172, 2015 WL 3441995, at *2–3 (D. Md. May 26, 2015). Plaintiff provided the Rate Card showing $2,200 as the amount Defendant would have paid for a license to show the Program. *See* Rate Card, ECF No. 9-4; *J & J Sports Prods., Inc. v. Greene*, No. 10-0105, 2010 WL 2696672, at *5 (D. Md. July 6, 2010) (granting statutory damages of $2,200 "as the amount that it was out-of-pocket due to Defendant's violation"). Accordingly, the Court will award Plaintiff a total of $2,200 in statutory damages under 47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff has also argued that it is entitled to enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which authorizes damages awards of up to $100,000 when "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain . . . ." Courts look to several factors to determine whether enhanced damages are warranted, inclduing evidence of willfulness, repeated violations over an extended period of time, substantial unlawful monetary gains, advertising the broadcast, and charging an admission fee or charging premiums for food and drinks. *See J & J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-CV-3420, 2010 WL 2302353, at *2 (D. Md. June 7, 2010).

Here, Defendant willfully intercepted an encrypted program signal to broadcast the fight and for direct or indirect commercial advantage. After all, "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *J & J Sports Prods., Inc. v. Castro Corp.*, No. 11-CV-00188-AW, 2011 WL 5244440, at *4 (D. Md. Nov. 1, 2011) (quoting *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485,

4

490 (S.D.N.Y. 1999)). Plaintiffs do not claim, however, that Defendants engaged in repeated violations, advertised the Program, or charged premiums for food and drinks during the broadcast. Defendants however, did charged an admission fee, and this aggravator alone can support enhanced damages as five-fold the statutory damages. *Quattrocche*, 2010 WL 2302353, at *3. Accordingly, Defendant's willfulness, as exhibited by intercepting the Program signal and charging $20 per head, warrant enhanced damages for total damages of $11,000.

Finally, as the prevailing party, Plaintiff is entitled to an award of costs and reasonable attorneys' fees in this action pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). "The party seeking fees bears the burden of proving the reasonableness of the amount sought." *J & J Sports Prods. v. Mumford*, No. DKC–10–2967, 2013 WL 210623, at *2 (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009)). Plaintiff has submitted a detailed affidavit and a statement of costs and fees which reflect total attorneys' fees and costs associated with this case of $2,697.50. *See* ECF No. 9-6. The Court finds that this amount is reasonable because the hours expended are modest and the hourly rate is within the acceptable range.[1] Accordingly, Plaintiff will be awarded attorneys' fees and costs of $2,697.50.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment will be granted and judgment will be entered in Plaintiff's favor for $13,697.50. A separate order will follow.

---

[1] Although the Court finds the hours expended to be modest (4.5) at an hourly rate on the higher end of rates permitted under Appendix B to this Court's Local Rules, (D. Md. Jul. 2016), *available at* http://www.mdd.uscourts.gov/sites/mdd/files/LocalRules.pdf, counsel in the future is cautioned to detail in its Statement of Costs and Fees the attorneys' years of experience who performed the work and the individualized billing rates consistent with those reflected in Appendix B.

4/20/2017
Date

/S/
Paula Xinis
United States District Judge